UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NICHOLAS HASSELBACK                                                                              PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:17-CV-307-CRS

COMMISSIONER OF SOCIAL SECURITY                                              DEFENDANT

**FINDINGS OF FACT**
**CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

**FINDINGS OF FACT**

Plaintiff Nicholas Hasselback has filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," on his complaint against the Commissioner of Social Security (Commissioner).[1] Hasselback on May 18, 2017 brought suit against the Commissioner to obtain review of a decision that denied his application for disability insurance benefits under Titles II and XVI of the Social Security Act.[2] He now claims in accordance with 28 U.S.C. § 1915(a) that he is unable to pay the costs of these proceedings. Review of Hasselback's application, however, persuades the Magistrate Judge to conclude otherwise based on the monthly income of his spouse in comparison with the couple's identified monthly expenses.

Nicholas Hasselback is unemployed. He has no individual monthly earned income. His spouse, however, is another matter. According to her husband's IFP application, she receives

---

[1] (DN 2, IFP Application).
[2] (DN 1, Complaint).

1

monthly earned income of $2,483 from her employment at General Electric.[3] The couple's personal assets include two automobiles valued at a total of $4,630 and jointly owned bank checking account that contains $300. They have three minor children in their care.

Against this monthly income and assets, Nicholas Hasselback identifies $1,450 in total monthly expenses. These reoccurring expenses include $700 in monthly rental payments, $225 in monthly utility payments, $350 for food per month, $60 for monthly transportation, $50 per month in motor vehicle insurance payments, and credit card monthly payments of $50. When their $ 2,483 in gross monthly income is offset by their disclosed monthly expenses of $1,450 the couple has a net disposable monthly income, according to their own application, of $1,030. Nevertheless, Hasselback explains on page 5 of his application that they cannot pay the costs of these proceedings because "We have one income that only pays for the bills and leaves very little for anything else."

## CONCLUSIONS OF LAW

Section 1915(a) of Title 28 of the United States Code provides that:

> [a]ny court of the United States may authorize the commencement or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without payment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore.

28 U.S.C. § 1915(a).

The opportunity to proceed in forma pauperis in a civil action in federal court is not a right, but rather "a privilege or favor granted by the government." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993); *Pisano v. Astrue,* No 11-30269-KPN, 2012 WL 79188 at *1 (D. Mass. Jan. 10, 2012) (same). The statute by use of the terms

---

[3] (DN 3, Application p. 2 ¶ 1).

"may authorize" plainly indicates that whether to grant such a request is a matter within the sound discretion of the court. *See, Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (the denial of a petition to proceed IFP is "an exercise of the court's discretion."). Finally, while it is not necessary that a litigant be destitute to qualify for IFP status, successful applicants traditionally have been the poor and indigent. *Adkins v. E. I. Dupont de Nemours & Co.* 335 U.S. 331 (1948) (applicant must show that due to his poverty he is unable to pay court costs and still provide himself with the necessities of life).

Courts ordinarily will consider the income and assets of the applicant and his or her close family members to be relevant to the determination of the applicant's indigence under the statute. *Lee v. Walmart stores Inc.*, No 3:92-CV-465 AS, 1993 WL 316756 at *3-4 (N.D. Ind. Aug. 18, 1993) (collecting cases). It therefore has been held to be appropriate for the court when considering a plaintiff's IFP motion to include the spouse's equity in real property, ownership of automobiles and combined family income in determining the question of indigence. *Mann v. Frank*, 1992 WL 219800 (N.D. Ill Aug. 7, 1992); *Bender v. Defense Logistics Agency,* 1990 WL 96185 (E.D. Pa. July 3, 1990). *See also, Auffant v. Paine, Weber, Jackson & Curtis, Inc*. 538 F. Supp. 1201 (D.P.R. 1982) (court should consider the overall financial situation including the assets and liabilities of a spouse in determining whether to grant an in forma pauperis application). Only in cases when a plaintiff does not have access to, nor an independent legal claim on, the income or assets of his or her spouse will consideration of such assets be excluded. *Mohammed v. Louisiana Attorney Disciplinary Board,* 2009 WL 3150041 at *1 n. 1 (E.D. La. Sept. 25, 2009) (citing *Lee v. McDonald's Corp.* 231F.3d 456, 459 (8th Cir. 2000)).

Here, the application gives no indication that Nicholas has no legal claim on, nor access to, the assets or income of his spouse. Given the couple's monthly income and it's disclosed

monthly expenses, they appear at present to have by their own reckoning a net disposable monthly income of $1,030, or a total annual disposable income after disclosed expenses of $12,360. These circumstances simply do not establish Nicholas's indigency in light of the income of his spouse and the couple's identified expenses. For these reasons the Magistrate Judge shall recommend that the application to proceed without prepayment of fees and costs be denied without prejudice to refile in the event that any significant re-occurring monthly expenses have been omitted inadvertently.[4]

## RECOMMENDATION

The Magistrate Judge, having made Findings of Fact and Conclusions of Law, recommends that the application to proceed without prepayment of fees or costs be denied.

---

[4] An ongoing split exists in the federal courts on whether a magistrate judge may deny an IFP application directly by nondispositive order, or must enter a report and recommendation applicable to dispositive rulings. *See Justice v. Hobgood,* No 5:13-CV-677-BR, 2014 WL 12495256 at *2 ( E.D.N.C. May 27, 2014) ("There is some disagreement among courts in other circuits over whether a magistrate judge's ruling on an IFP application should be treated as a ruling on a nondispositive pre-trial matter under 28 U.S.C. § 636(b)(1)(A) and reviewed for clear error, or treated as a report and recommendation prepared under 28 U.S.C. § 636(b)(1)(B) and thus reviewed de novo.). Those courts that view the denial of an IFP application as being non-dispositive reason that an order to that effect does not per se bar the plaintiff from proceeding by other means. *See Redford v. Planchard*, No 1:09-MI-0199, 2009 WL 3158175 at*1 (N.D. Ga. Sept. 25, 2009); *Poche v. Butler*, No 07-3500, 2007 WL 2695350 at*1 n. 1 (E. D. La. Sept. 11, 2007); *Bethel v. Town of Loxley*, No 06-0573-WS-M, 2006 WL 3361402 at*1 (S.D. Ala. Nov. 20, 2006). On the other hand, the courts that view denial of a motion to proceed IFP as being a de facto dispositive ruling require the magistrate judge to issue a report and recommendation in such situations. *Lister v. Department of Treasury*, 408 F.3d 1309, 1311-12 (10th Cir. 2005); *Cavender v. Seabold*, 992 F.2d 1216 at *1 (6th Cir. 1993)("A magistrate judge lacks authority to deny pauper status."); *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990) (per curiam); *Thornton v. Brady,* 905 F.2d 1539 (6th Cir. 1990)(" an intervening decision of this court has established that a magistrate is not empowered to deny an application for in forma pauperis status.") Because the 6th Circuit has taken the latter view in *Cavender, Woods* and *Thornton*, we have prepared the above report and recommendation.

## **NOTICE**

Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd.*, 474 U.S. 140 (1985).  28 U.S.C. § 636(b)(1)(c); Fed.R.Civ.P. 72(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).


Cc:    Counsel of Record